IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS E. DEARDORFF,<br><br>  Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-397-PMW<br><br>Chief Magistrate Judge Paul M. Warner |

Pursuant to 28 U.S.C. § 636(c), the parties consented to have Chief United States Magistrate Judge Paul M. Warner conduct all proceedings in this case, including trial, entry of final judgment, and all post-judgment proceedings.[1] Plaintiff Thomas E. Deardorff ("Plaintiff"), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security ("Commissioner") denying his claims for Disability Insurance Benefits under Title II of the Social Security Act. After careful review of the administrative record, the parties' briefs, and the relevant law, the court concludes that the Commissioner's decision is supported by substantial evidence and, therefore, is **AFFIRMED**.

## BACKGROUND

On December 2, 2014, Plaintiff filed an application for Disability Insurance Benefits, alleging disability beginning on October 25, 2013.[2] Plaintiff's claim was initially denied on March 18, 2015. On April 28, 2015, upon reconsideration by the agency, Plaintiff's claim was again denied. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").[3] On

---

[1] Dkt. No. 11.
[2] *See* Dkt. No. 5, Administrative Record ("AR") at 197.
[3] AR at 134–148

August 25, 2015, Plaintiff's claim for Disability Insurance Benefits was presented to an ALJ.[4] On November 25, 2015, the ALJ issued a decision finding Plaintiff was not disabled.[5] On March 7, 2016, the Appeals Council denied Plaintiff's Request for Review.[6] Accordingly, the ALJ's decision is the final disposition of the Commissioner and is ripe for judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

Plaintiff was 47 years old when he claimed disability based on spinal damage, post-traumatic stress disorder ("PTSD"), depression, muscle contractions, degenerative disc disease, a right knee meniscal tear with residual instability, peripheral neuropathy, ankle instability, limited flexion of the right knee, tendonitis, rectal dysfunction, and neck fusion.[7] Plaintiff has completed high school and has past relevant work as a hand packager, heavy equipment mechanic, personnel clerk, security guard, stock clerk, and corrections officer.[8]

At step two, the ALJ recognized that Plaintiff has the severe impairments of degenerative disc disease of the cervical spine, obesity, depression, and PTSD.[9] The ALJ rejected Plaintiff's diagnosis of carpal tunnel syndrome as a severe impairment.[10]

At step three, the ALJ concluded that Plaintiff did not meet a listing.[11] In assessing Plaintiff's residual functional capacity ("RFC"), the ALJ found:

> [Plaintiff] can lift 20 pounds occasionally and 10 pounds frequently. He can stand or walk for about six hours of an eight-hour workday and sit for about six hours of an eight-hour workday. He can push, pull and operate foot controls within these same weight limits. He can only occasionally climb ladders, ropes, or scaffolds, or stoop, and can frequently climb ramps or stairs. The claimant can only occasionally reach overhead with his bilateral upper extremities. He is not limited

---

[4] AR at 34–104.
[5] AR at 18–27.
[6] AR at 1–6.
[7] AR at 197.
[8] AR at 55–56.
[9] AR at 20.
[10] AR at 21.
[11] AR at 34.

> in understanding, remembering and carrying out instructions, but due to deficits in attention and concentration, he is limited in his ability to use judgment in decision-making to those decisions found in simple, routine, and semi-skilled work. [Plaintiff] can only have occasional job-related contact with coworkers, supervisors, and the public, and he should not be required to do teamwork. He is not limited in working with others in close proximity.[12]

Therefore, at Step 4, the ALJ concluded that Plaintiff had the RFC to perform his past relevant work as a security guard.[13] Therefore, the ALJ found that Plaintiff was not disabled.[14]

On May 11, 2016, Plaintiff filed his complaint in this case.[15] On August 23, 2016, the Commissioner filed an answer and a copy of the administrative record.[16] Plaintiff filed his opening brief on December 21, 2016.[17] The Commissioner filed an answer brief on February 17, 2017.[18] Plaintiff did not file a reply brief.

## STANDARDS OF REVIEW

The court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). In reviewing the ALJ's decision, the court cannot "reweigh the evidence" or "substitute" its judgment for that of the ALJ. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th

---

[12] AR at 22–23.
[13] AR at 27.
[14] *Id.*
[15] Dkt. No. 2.
[16] Dkt. Nos. 4–5.
[17] *See* Dkt. No. 12.
[18] *See* Dkt. No. 18.

3

Cir. 2006) (quotations and citations omitted).  "[F]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988) (discussing the five step process). If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. § 416.920(a)(4). The five step sequential disability determination is as follows:

> 1. If the claimant is performing substantial gainful work she is not disabled.
>
> 2. If the claimant is not performing substantial gainful work, her impairment(s) must be severe before she can be found to be disabled.
>
> 3. If claimant is not performing substantial gainful work and has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment(s) meets or medically equals a listed impairment contained in [20 C.F.R. § 404, Part P, Appendix 1], the claimant is presumed disabled without further inquiry.
>
> 4. If the claimant's impairment(s) does not prevent her from doing her past relevant work, she is not disabled.
>
> 5. Even if the claimant's impairment(s) prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, she is not disabled.

*Martin v. Barnhart*, 470 F. Supp. 2d 1324, 1326–27 (D. Utah 2006); *see* 20 C.F.R. § 416.920(a)(4)(i)-(v); *Williams*, 844 F.2d at 750–51. The claimant bears the burden of proof beginning with step one and ending with step four. *See Williams*, 844 F.2d at 750–51; *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 360 (10th Cir. 1993). At step five, the burden of proof shifts to the Commissioner to establish "whether the claimant has the residual

4

functional capacity . . . to perform other work in the national economy in view of his [or her] age, education, and work experience." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. § 416.920(a)(4)(v).

## DISCUSSION

On appeal, Plaintiff contends that the Commissioner's decision should be reversed because the ALJ erred in three ways. First, Plaintiff faults the ALJ for failing to properly recognize Plaintiff's carpal tunnel syndrome and migraine headaches at step two.[19] Second, Plaintiff argues that the ALJ's RFC analysis was flawed because the ALJ improperly weighed: (1) the available medical opinion evidence; (2) the Department of Veterans Affairs' ("VA") finding that Plaintiff is 100% disabled; and (3) the Plaintiff's credibility.[20] Finally, Plaintiff claims that "new and material evidence" supports Plaintiff's allegations of bilateral knee impairment which upsets the ALJ's non-disability finding.[21]

The court has carefully reviewed the administrative record and finds that Plaintiff has failed to provide the court grounds on which to overturn the decision of the Commissioner. The court finds that the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence. Specifically, any error committed by the ALJ at step two was harmless. Furthermore, the ALJ's RFC determination is supported by substantial evidence. Additionally, Plaintiff failed to offer the Appeals Council any new and material evidence that would upset the ALJ's non-disability finding.

---

[19] Dkt. No. 12 at 24–29.
[20] *Id.* at 23–24, 32–39.
[21] *Id.* at 30–32.

5

I. **Step Two Analysis**

Plaintiff argues that the ALJ erred by not considering his diagnosis of carpal tunnel syndrome and complaints of migraine headaches at step two.[22] At step two, the ALJ must determine whether the claimant has an "impairment or combination of impairments which significantly" limit the claimant's ability to do "basic work activities." 20 C.F.R. § 404.1520(c). Step two only "requires a 'de minimis' showing of impairment." *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997) (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1169 (10th Cir. 1997)). Moreover, the Tenth Circuit has held that any error committed at step two is rendered "harmless when the ALJ reache[s] the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceed[s] to the next step of the evaluation sequence." *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008).

At step two, the ALJ rejected Plaintiff's diagnosis of carpal tunnel syndrome and migraine headaches as severe impairments.[23] The ALJ disregarded Plaintiff's carpal tunnel syndrome diagnosis because the ALJ found that that the diagnosis did not inhibit Plaintiff from performing "basic work functions."[24] The ALJ did not address Plaintiff's migraine complains at step two.[25] However, the ALJ proceeded to step three and considered Plaintiff's carpal tunnel syndrome and migraine headaches when assessing Plaintiff's RFC.[26] Therefore, any error attributable to the ALJ's step two analysis was harmless.

II. **ALJ's RFC Analysis**

Plaintiff alleges that the ALJ's RFC assessment is flawed in four ways. First, Plaintiff argues that the ALJ erred in failing to consider the symptoms associated with his carpel tunnel

---

[22] *Id.* at 24.
[23] AR at 20.
[24] *Id.*
[25] *See id.*
[26] AR at 24.

syndrome and migraines in determining his RFC.[27]  Second, Plaintiff faults the ALJ for giving little weight to the VA's decision to award Plaintiff a 100% disability rating.[28]  Third, Plaintiff argues that the ALJ erred by giving little or only partial weight to Plaintiff's treating source opinion evidence.[29]  Finally, Plaintiff argues the ALJ's determination that Plaintiff is only partially credible is not supported by substantial evidence.[30]

RFC is "the most [a claimant] can do despite [his or her] limitations."  20 C.F.R. § 404.1545.  When assessing a claimant's RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe."  *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (emphasis omitted) (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)).  RFC is based on all the evidence in the record, not just medical opinions, lay witness statements, or a claimant's testimony.  *See* 20 C.F.R. § 404.1545(a)(3).  With these standards in mind, the court finds that the ALJ's RFC determination is supported by substantial evidence.

### A. Plaintiff's Migraine Headaches and Carpel Tunnel Syndrome

Plaintiff claims that the ALJ erred by giving little weight to Plaintiff's allegations that he suffered from carpel tunnel syndrome and migraine headaches.  Contrary to Plaintiff's assertions, the ALJ acknowledged that Plaintiff complained of "ongoing numbness in his bilateral upper extremities and tingling in his lower extremities."[31]  However, several physical examinations cited by the ALJ found that Plaintiff had "normal strength, coordination, reflexes, and gate" with "diminished bilateral upper extremity sensation."[32]  Similarly, Plaintiff cited the VA's disability

---

[27] Dkt. No. 20 at 29.
[28] *Id.* at 32–33.
[29] *Id.* at 33–39.
[30] *Id.* at 39–40.
[31] AR at 24.
[32] *Id.*

determination in support of his claim that he suffered from migraine headaches. The ALJ, however, found that there was "no evidence of record" regarding Plaintiff's migraine symptoms.[33] Indeed, the VA ultimately determined that Plaintiff's "headaches are not prostrating in nature."[34] Therefore, the court finds no reversible error in the ALJ's decision to give little weight to Plaintiff's claims that he suffered from carpel tunnel syndrome and migraine headaches. *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994) (holding that a decision by the Commissioner "must be affirmed if it is supported by substantial evidence and correct legal standards were used.").

### B. The VA's Disability Rating

Plaintiff faults the ALJ for giving little weight to the VA's decision to award Plaintiff a 100% disability rating. "Although another agency's determination of disability is not binding on the Social Security Administration, it is evidence that the ALJ must consider and explain why [he or she] did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted). The VA's approach to disability determinations is fundamentally different from the Social Security Act's disability determination framework. For example, the Social Security Act's disability determination requires the Commissioner to focus on the individual's "inability to engage in any substantial gainful activity." 42 U.S.C. § 423(d)(1)(A). Conversely, "VA disability ratings are based on how an impairment would affect the average person." *Walters v. Colvin*, 604 F. App'x 643, 648 (10th Cir. 2015) (unpublished) (citing 38 C.F.R. § 4.1). Therefore, the Tenth Circuit has held that an ALJ need only "acknowledge" a VA disability rating and provide a reasoned basis for giving the VA's disability rating little weight. *See McFerran v.*

---

[33] *Id.*
[34] AR at 2193–94.

8

*Astrue*, 437 F. App'x 634, 638 (10th Cir. 2011) (unpublished); *Breneiser v. Astrue*, 231 F. App'x 840, 845 (10th Cir. 2007) (unpublished).

Here, the ALJ gave the VA's disability findings only "partial weight" because the VA's "decision was not included in the claimant's file and there was no evidence of record regarding most of the conditions listed including knee disorder and migraines."[35]  In support, the ALJ cited several physical examinations of the Plaintiff that contradicted the VA's findings.[36]  Therefore, the court finds no reversible error in the ALJ's decision to give little weight to the VA's disability rating.

### C.  Treating Source Opinion Evidence

Next, Plaintiff faults the ALJ for giving little or only partial weight to Plaintiff's treating source opinion evidence.  When evaluating the available medical evidence, the ALJ must give "controlling weight" to the treating physician's opinion but only if that opinion "is well-supported . . . and is not inconsistent with the other substantial evidence."  20 C.F.R. § 404.1527(c)(2).  "Treating source medical opinions are . . . entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527."  *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (quoting SSR 96–2p).  Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* (quoting *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)).  The ALJ is not required to discuss every factor.  *See Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007).

---

[35] AR at 24.
[36] *See Id.*

However, when an ALJ "rejects a treating physician's opinion, he [or she] must articulate 'specific, legitimate reasons for his [or her] decision.'" *Hamlin v. Barnhart*, 365 F.3d 1208, 1223 (10th Cir. 2004) (quoting *Drapeau*, 255 F.3d at 1213).

Here, the court finds that the ALJ articulated specific, legitimate reasons for giving little weight to Plaintiff's treating source opinions. For example, Dr. Dennis Winters assessed Plaintiff with a 62% disability rating. However, in completing his physical examination, Dr. Winters concluded that Plaintiff had "normal strength in the bilateral upper extremities given resistance testing, normal gait, and normal stability throughout his body."[37] Therefore, the inconsistencies in Dr. Winters' assessment entitled the ALJ to give his opinion little weight. *See Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("Medical evidence may be discounted if it is internally inconsistent or inconsistent with other evidence." (quotations and citations omitted)).

Similarly, the ALJ gave little weight to the opinion of Virginia Mol, a certified family nurse practitioner, because Ms. Mol's opinion was not supported by objective evidence and was inconsistent with Plaintiff's testimony. Ms. Mol opined that Plaintiff could only sit, stand, or walk less than two hours each during a word day and could only lift up to 10 pounds.[38] However, Plaintiff testified that he could lift two one-gallon milk jugs, which weigh around 17 pounds.[39] Similarly, the ALJ recognized that Ms. Mol offered no objective evidence supporting her disability findings.[40] Accordingly, the court finds no reversible error in the ALJ's decision to give Ms. Mol's opinion little weight. *Pisciotta*, 500 F.3d at 1078; *see also Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (finding that the ALJ reasonably declined to give

---

[37] AR at 25, 1298.
[38] *See* AR at 1084–85.
[39] *See* AR at 25, 84.
[40] AR at 25.

controlling weight to a treating physician opinion which was brief, conclusory, and unsupported by objective medical findings).

Finally, the ALJ gave little weight to the medical opinion of Brian Cunningham, a psychiatric-mental health nurse practitioner, because Mr. Cunningham's opinion was inconsistent with Plaintiff's testimony and Mr. Cunningham's treatment notes.[41] Mr. Cunningham concluded that Plaintiff had significant difficulties getting along with others and would have no ability to function socially with coworkers.[42] However, Plaintiff testified that he maintained friendships and Mr. Cunningham's treatment notes showed that he had no difficulty interacting with Plaintiff during treatment.[43] Therefore, the court finds no reversible error in the ALJ's decision to award little weight to Mr. Cunningham's opinion. *See Pisciotta*, 500 F.3d at 1078.

### D. Plaintiff's Credibility

Plaintiff argues he is entitled to remand because the ALJ improperly gave little credence to Plaintiff's subjective complaints of chronic pain and debilitating illness. On review of a decision by the Commissioner, the court defers to the "ALJ as trier of fact" because he or she is "the individual optimally positioned to observe and assess witness credibility." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991) (citation omitted). The court will uphold the ALJ's credibility determinations as long as they are supported by substantial evidence. *See Carson v. Barnhart*, 140 F. App'x 29, 34 (10th Cir. 2005) (unpublished).

With these standards in mind, the court finds no error in the ALJ's decision to discount Plaintiff's subjective complaints of chronic pain and debilitating illness. The ALJ rejected Plaintiff's subjective complaints primarily because Plaintiff's allegations were inconsistent with his activities of daily living. For example, Plaintiff told Mr. Cunningham he performed yard

---

[41] AR at 25–26.
[42] AR at 26.
[43] *Id.*

11

maintenance for his in-laws.[44] The ALJ concluded that "[t]ending land implies strenuous physical activity, which could be inconsistent with a complete inability to work."[45] Furthermore, the record demonstrated that Plaintiff's hobbies included building model railroads.[46] The ALJ concluded that model railroad building "suggests that [Plaintiff] is capable of detailed work and maintaining adequate attention for extended periods."[47] Additionally, Plaintiff told Mr. Cunningham that he swims three times per week.[48] The ALJ concluded that Plaintiff's ability to swim three times a week demonstrated that Plaintiff "has more functional ability than he alleged."[49] The ALJ, as the trier of fact, is in the best position to assess Plaintiff's credibility. Therefore, based on the Plaintiff's testimony, the court finds that the ALJ's decision to give little weight to Plaintiff's subjective complaints is supported by substantial evidence on the record.

### III. New Evidence Supporting a finding of Disability

Plaintiff claims that new evidence submitted to the Appeals Council shows that he suffers from bilateral knee impairments and, therefore, is disabled. In support, Plaintiff cites: (1) an MRI conducted in 2007; (2) the limiting effects of Plaintiff's obesity and pronating feet; and (3) the VA's finding that Plaintiff is 20% disabled based on bilateral knee impairments.

"In evaluating the Commissioner's denial of benefits under the substantial evidence standard, the district court must consider qualifying new evidence submitted to the Appeals Council." *Martinez v. Astrue*, 389 F. App'x 866, 869 (10th Cir. 2010) (unpublished) (citation omitted). In the context of new evidence, the district court's task is to determine whether the

---

[44] AR at 27.
[45] *Id.*
[46] *Id.*
[47] AR at 27, 89, 790.
[48] AR at 27, 1917.
[49] AR at 27.

"qualifying new evidence upsets" the ALJ's non-disability determination. *Id.*; 20 C.F.R. § 404.970(b).

In this case, none of the new evidence cited by Plaintiff upsets the ALJ's non-disability finding. The 2007 MRI and the limiting effects of Plaintiff's obesity and pronating feet are not new evidence that would upset the decision of the Commissioner.[50] The ALJ recognized that Plaintiff suffered from obesity.[51] Additionally, the ALJ recognized at step two and when assessing Plaintiff's RFC that Plaintiff claimed he suffered from knee pain.[52] Furthermore, the ALJ cited numerous physical examinations which demonstrated that Plaintiff had "normal strength, coordination, reflexes, and gate."[53] These medical findings directly contradicted Plaintiff's claim that he suffered from bilateral knee impairments.

Similarly, as noted above, the ALJ is not required to give the VA's disability determination controlling weight. Moreover, even if the ALJ were to give controlling weight to the VA's decision, the VA concluded that Plaintiff's knee condition had "improved."[54] Therefore, the court finds that the ALJ's non-disability determination is not upset by the new evidence submitted to the Appeals Council.

---

[50] AR at 24.
[51] *Id.*
[52] AR at 20, 21, 24.
[53] AR at 24.
[54] AR at 2193–94.

13

## CONCLUSION

Based on the foregoing, the Commissioner's decision in this case is **AFFIRMED**.

**IT IS SO ORDERED**.

DATED this 27th day of July, 2017.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge